### In re TIETJE.

#### (District Court, E. D. New York. July, 1918.)

1. BANKRUPTCY ⊝138(1)—ADMINISTRATRIX—PROPERTY PASSING TO TRUSTEE.
    Where an administratrix, without authority from the probate court, continued the mercantile business of decedent, purchasing new goods and contracting new debts, all merchandise on hand acquired by her and all accounts accruing to her after her appointment are property of her estate in bankruptcy, as well as proceeds of accounts made while the business was conducted by her receiver.

2. BANKRUPTCY ⊝143(9)—RECEIVER—COLLECTION OF RENTS.
    Where an intestate left real estate which was conveyed by the next of kin to bankrupt, who held it at the time of bankruptcy, and no proceedings for its sale to pay debts of decedent had been taken, a receiver in bankruptcy is entitled to collect the rents.

In Bankruptcy. In the matter of Elizabeth V. Tietje, bankrupt. On motion to require receiver to surrender to bankrupt, as administratrix, certain property. Granted in part.

Joseph M. Gazzam, of New York City, for bankrupt.

Leon Lauterstein, of New York City, for petitioning creditors and receiver.

Morris Kamber, of New York City, receiver.

GARVIN, District Judge. This is a motion to compel the receiver in bankruptcy of Elizabeth V. Tietje, bankrupt, to surrender to said

Elizabeth V. Tietje, as administratrix of Frederick H. Tietje, deceased, the following property:

(1) Rents received from real estate, including all rents collected by said receiver, and rents collected by said administratrix and paid to said receiver.

(2) Proceeds of sale of horses, wagons, automobiles, and other fixed assets of said estate, sold by J. W. & W. H. Reid, auctioneers.

(3) Proceeds of merchandise sold by J. W. & W. H. Reid, auctioneers.

(4) Proceeds of accounts which accrued prior to the receivership, and which have been collected by said receiver, or paid by said administratrix to said receiver.

(5) Proceeds of accounts which accrued while business was conducted by said receiver.

[1] The receiver was appointed on or about June 13, 1918. Elizabeth V. Tietje was appointed administratrix July 3, 1917. The decedent was engaged in business as a provision dealer. The administratrix continued the business without authority from the Surrogate's Court. The stock on hand at the time of the decedent's death was disposed of by the administratrix before the appointment of the receiver.

I am of the opinion that where an administratrix, instead of proceeding forthwith to liquidate the business of the decedent, continues it, incurs new debts, and creates new accounts due without the authority of the Surrogate's Court, if she is thereafter adjudicated a bankrupt, such merchandise as remains on hand, acquired after she was appointed administratrix, and all outstanding accounts arising after such appointment, are the property of the receiver in bankruptcy. This disposes of the property described in paragraphs (3) and (4).

I have no doubt but that the proceeds of all accounts which accrued while the business was being carried on by the receiver belong to him. This refers to the property described in paragraph (5).

[2] In my judgment, where a decedent leaves real estate which is transferred to the bankrupt by the next of kin, as was the case here, and the bankrupt has title to the real estate when the petition is filed, no proceedings to sell the same to pay decedent's debts having been instituted, the creditors of the decedent have no such interest in the real estate as will justify this court in preventing the receiver in bankruptcy from collecting the debts. The property in paragraph (1) above is affected by this conclusion.

Any personal property belonging to the decedent must be accounted for, if sold by the receiver in bankruptcy, and the proceeds turned over to the administratrix. Property described in paragraph (2) above comes within this class.

This motion must therefore be denied, except that the receiver will be required to pay over to the administratrix the proceeds of sale of horses, wagons, automobiles, and other fixed assets of the estate of Frederick H. Tietje, deceased, sold by J. W. & W. H. Reid, auctioneers.

It follows that this determination requires that the fund created by

a payment by Feltman Bros. under order of this court dated July 24, 1918, be turned over to the receiver, or to the trustee, if elected, forthwith.